135 Nev., Advance Opinion 68

IN THE SUPREME COURT OF THE STATE OF NEVADA

HIGH DESERT STATE PRISON; THE
STATE OF NEVADA; AND OFFENDER
MANAGEMENT DIVISION,
Appellants,
vs.
LUIS RICHARD SANCHEZ,
Respondent.

No. 77622

FILED

DEC 26 2019


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting in part a postconviction petition for a writ of habeas corpus challenging the computation of time served. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

*Affirmed.*

Aaron D. Ford, Attorney General, and Natasha M. Gebrael, Deputy Attorney General, Carson City,
for Appellants.

Luis Richard Sanchez, Indian Springs,
in Pro Se.

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, HARDESTY, J.:

NRS 209.4465(7)(b) permits the award of good time credit deductions from an offender's minimum sentence towards the parole

19-52123

eligibility date for crimes committed on or after July 17, 1997. In 2007, the Legislature amended NRS 209.4465 to preclude the application of these statutory good time credits to an offender's parole eligibility when convicted of certain crimes, including felony sex offenses and category A or B felonies. As a result, offenders convicted of the crimes enumerated in NRS 209.4465(8) may have credits applied to their parole eligibility date if they committed the crimes prior to the amendment's effective date of July 1, 2007, while those offenders captured by the addition of subsection 8 may not.

This appeal requires us to determine which version of NRS 209.4465 applies when the offender's criminal conduct began prior to the effective date of the 2007 amendment and continued through its enactment. Respondent Luis Sanchez was convicted of two counts of attempted lewdness with a child under 14—a crime captured by the addition of subsection 8 to NRS 209.4465—and was alleged to have committed the offenses between 2006 and 2013. The district court applied the 2003 version of NRS 209.4465, but the State contends this was error because the attempted lewdness counts were charged as continuing offenses through 2013. We hold that NRS 209.4465(8) (2007) applies when the charged offense is continuous in nature. However, because attempted lewdness with a child under 14 is not a continuing offense, we conclude the district court properly applied the pre-2007 version of the statute, and we affirm.

*FACTS AND PROCEDURAL HISTORY*

The State charged Sanchez with two counts of attempted lewdness with a child under 14 in violation of NRS 201.230 and NRS 193.330. The information provided that Sanchez committed these offenses on or between May 8, 2006, and January 31, 2013, but did not otherwise

distinguish any specific dates within this range. Sanchez pleaded guilty to the charged offenses, and the district court entered a judgment of conviction and sentenced him to two consecutive terms of 5 to 15 years for his convictions.

Thereafter, Sanchez filed a postconviction petition for a writ of habeas corpus, arguing that the Nevada Department of Corrections miscalculated his parole eligibility by failing to properly apply good time credit to his minimum term of imprisonment. The district court agreed and granted Sanchez's petition in part.[1] Specifically, the district court found that NRS 209.4465(7)(b) (2003), pursuant to *Williams v. State*, 133 Nev. 594, 402 P.3d 1260 (2017), afforded Sanchez a good time credit deduction from his parole eligibility date. The State appeals.

## DISCUSSION

The State argues on appeal that the district court erred by applying the pre-2007 version of NRS 209.4465 because Sanchez's crime—attempted lewdness with a child under 14—constituted a continuing offense. As such, the State maintains that the district court should have applied the version of the statute in effect when the crime ended in 2013. NRS 209.4465(8) (2007), the State continues, precludes the application of good time credit against Sanchez's minimum sentence because the crime Sanchez was convicted of constitutes a category B felony.

We review questions of statutory construction de novo. *Jackson v. State*, 128 Nev. 598, 603, 291 P.3d 1274, 1277 (2012). NRS 209.4465(7)(b)

---

[1]The district court denied several other claims relating to credits. In his answering brief, Sanchez challenges the district court's determination concerning his work and merit credits calculations. Because Sanchez did not pursue an appeal from the district court's order, we lack jurisdiction to address Sanchez's argument here. NRS 34.575(1).

mandates that credits earned pursuant to the statute, by an offender who committed a crime on or after July 17, 1997, must "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." In 2007, the Legislature amended NRS 209.4465 to add subsection 8, which excludes offenders who committed certain offenses from having statutory credits applied to their minimum terms. 2007 Nev. Stat., ch. 525, § 5, at 3177. Relevant to this appeal, NRS 209.4465(8)(b) and (d) prohibit offenders convicted of "[a] sexual offense that is punishable as a felony" or "[a] category A or B felony," respectively, from receiving the benefit of such credits.

Logically, where an offender committed a crime that began prior to the 2007 amendment to NRS 209.4465 and ended after the statute's enactment, the nature of the convicted offense controls which version of the statute applies. If the nature of the convicted offense is not continuous, NRS 209.4465 (2003) applies. But if the convicted offense is continuous in nature, NRS 209.4465 (2007) applies.

Attempted lewdness with a child under the age of 14 constitutes both a category B felony and a sexual offense punishable as a felony. *See* NRS 201.230 (2005); NRS 193.330(a)(1) (1997). As such, Sanchez would be prohibited from applying good time credits to his parole eligibility date under the 2007 version of NRS 209.4465. Therefore, we must determine whether attempted lewdness with a child under 14 constitutes a continuing offense. We conclude that it does not.

We "consider an offense to be a continuing offense only when 'the explicit language of the substantive criminal statute compels such a conclusion, *or* the nature of the crime involved is such that [the Legislature]

SUPREME COURT
OF
NEVADA

(O) 1947A

must assuredly have intended that it be treated as a continuing one.'" *Rimer v. State*, 131 Nev. 307, 319, 351 P.3d 697, 706 (2015) (alteration in original) (quoting *Toussie v. United States*, 397 U.S. 112, 115 (1970)). We determined in *Rimer v. State* that, considering the cumulative effect of child-abuse-and-neglect violations, the Legislature must have intended to treat such violations as a continuing offense. *Id.* at 319-20, 351 P.3d at 707. We are unpersuaded, however, by the State's arguments to extend this logic to the case at bar.

First, Sanchez was convicted under NRS 201.230 and NRS 193.330, and nothing in the language of these criminal statutes compels us to conclude that the Legislature intended attempted lewdness with a child under the age of 14 to be treated as a continuing offense. Second, an "attempt" by definition is "[a]n act done with the intent to commit a crime, and tending but failing to accomplish it," not a pattern of behavior. NRS 193.330(1) (1997). Just because an act of sexual abuse may constitute child abuse—a continuing offense, *see* NRS 200.508(4)(a)—it does not follow that *attempted* lewdness with a child under the age of 14 should be treated as a continuing offense. Finally, we recognize that while the State was not required to allege an exact date of the offense committed here, the inclusion of a date range does not mean that the offense was a continuing offense. *See Wilson v. State*, 121 Nev. 345, 368-69, 114 P.3d 285, 301 (2005) (acknowledging that the State may allege "a time frame for an offense instead of a specific date, provided that the dates listed are sufficient to place the defendant on notice of the charges").

Because we conclude that attempted lewdness with a child under the age of 14 is not a continuing offense, we further conclude that the district court properly relied on the 2003 version of NRS 209.4465 and

SUPREME COURT
OF
NEVADA

(O) 1947A

applied Sanchez's earned credits to his parole eligibility. Accordingly, we affirm the district court's order granting in part Sanchez's petition for a writ of habeas corpus.

_____, J.
Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Silver