NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJIE MARK VALENCIA CARPIO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1025

Agency No.
A062-864-448

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 17, 2023
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and VRATIL, District Judge.[**]

Benjie Mark Valencia Carpio, a native of the Philippines, seeks review of a Board of Immigration Appeals (BIA) decision affirming the Immigration Judge's (IJ) initial decision that Carpio was removable based on his "attempted lewdness with a child" offense under Nevada law. We have jurisdiction under 8 U.S.C. § 1252. The petition for review is denied.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

While living in the United States as a lawful permanent resident, Carpio sexually abused his girlfriend's young daughter repeatedly. Section 201.230 of the Nevada Revised Statutes criminalizes lewdness with a child. The Nevada legislature changed NRS § 201.230's statutory language effective October 1, 2015. In January 2019, Carpio was convicted under NRS § 201.230 of "attempted lewdness with a child under the age of 14" for offending conduct that occurred both before and after the statutory language changed in 2015. The Department of Homeland Security initiated removal proceedings as a result.

Carpio challenged his removal, arguing that the IJ should have analyzed the post-2015 version of the statute, which unlike the pre-2015 version had not been deemed a categorical match with the federal generic definition of "sexual abuse of a minor" by this Court. After multiple rounds of decisions from the IJ and the BIA, the BIA concluded that Carpio was removable based on the Supreme Court of Nevada's ruling that attempted lewdness with a child is not a continuing offense, and thus the BIA concluded that it was proper to conduct the categorical match inquiry based on the pre-2015 version of the law. *See High Desert State Prison v. Sanchez*, 454 P.3d 1270, 1273 (Nev. 2019). The BIA also concluded that even if Carpio was convicted under the current (i.e., post-2015) version of the law, he would still be removable as charged, because the state statute is divisible. Carpio filed his petition for review of the final BIA decision affirming the denial of relief.

The court reviews the agency's legal conclusions de novo and its factual

findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

We conclude that the BIA did not err in determining that the pre-2015 version of the statute applied to Carpio.[1] Carpio cites cases in support of the general proposition that "[t]he 'actual' statute of conviction [is] the statute in effect at the time of conviction." While this is generally true, courts must consider "the version of state law that the defendant was actually convicted of violating." *McNeill v. United States*, 563 U.S. 816, 821 (2011). This is a statute-specific inquiry.

Under Nevada law, Carpio's pre-2015 misconduct was properly governed by the pre-2015 version of NRS § 201.230, even though he was convicted in 2019. Carpio completed the crime of attempted lewdness with a child under the age of 14 the moment he committed the first act tending to accomplish a "lewd or lascivious act" with the 8-year-old victim prior to 2015. *See Rimer v. State*, 351 P.3d 697, 706 (Nev. 2015) ("A crime is complete as soon as every element in the crime occurs."); NRS § 193.153 ("An act done with the intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime."), substituted in 2021 for NRS § 193.330. Because the Supreme Court of Nevada has determined that "the proper penalty is the penalty in effect at the time of the commission of the offense and not the penalty in effect at the time of

---

[1] We also grant Carpio's motion for judicial notice. *See* Dkt. No. 14.

sentencing," the pre-2015 statute is the governing law for his pre-2015 misconduct. *State v. Second Jud. Dist. Ct. ex rel. Cnty. of Washoe*, 188 P.3d 1079, 1081 (Nev. 2008). Sexual conduct with a minor under the age of 14—as covered by the pre-2015 statute—is per se abusive under settled Ninth Circuit precedent. *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1065–66 (9th Cir. 2003). Attempted "sexual abuse of a minor" is a removable offense because it is an "aggravated felony" under the statute. 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(A), 1101(a)(43)(U). Accordingly, the BIA did not err in reinstating Carpio's removal proceedings on this basis.

Finally, assuming without deciding that Carpio's due process argument is properly before us, we reject it on the merits. "A due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (citation omitted). Carpio has failed to present evidence that the IJ's denial of the motion to terminate "was so fundamentally unfair" that he was prevented from presenting his case and that he was prejudiced as a result. *See id.*

The petition for review is **DENIED.**